## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TEXAS TAMALE COMPANY, INC., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-3341 |
| | § | |
| CPUSA2, LLC, | § | |
| D/B/A TEXAS LONE STAR TAMALES | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

This trademark infringement case is before the Court on Plaintiff's Motion for Permanent Injunction, Damages, and an Exceptional Case Finding.  ECF 68; ECF 69.[1]  Defendant's Motion for Leave to File a Sur-Reply (ECF 76) is GRANTED.

Having considered the parties' submissions and the law, the Court GRANTS Plaintiff's Motion in part and DENIES it in part.  The Court also sets a telephone scheduling and status conference for July 9, 2024, at 2:00 p.m.

### I.     Procedural Background

This Court previously entered a Summary Judgment Order ruling that Plaintiff possesses the legally protectable, incontestable trademarks "TEXAS TAMALE" and "TEXAS TAMALE COMPANY" (the Marks) and Defendant infringed Plaintiff's

---

[1] The parties consented to the jurisdiction of the undersigned magistrate judge for all purposes including entry of final judgment.  ECF 27.

Marks.  ECF 42.  The Court denied Defendant's motion for relief from the Order. ECF 59; ECF 79.  Only the scope of injunctive relief, damages, and attorney's fees to which Plaintiff may be entitled remain as issues to be decided.  ECF 42 at 13.

## II.    Legal Standards

Defendant argues that Plaintiff's current Motion for Entry of Final Judgment operates as a Motion for Summary Judgment under Rule 56 that must be denied due to unresolved fact questions.  ECF 71; ECF 76-1.  Plaintiff characterizes its Motion as a Motion for Entry of Final Judgment under Rule 58, pointing out that it filed a separate proposed Final Judgment as required by Federal Rule of Civil Procedure 58(a).  ECF 68-25; ECF 73 at 1.  Plaintiff further argues that neither party requested a jury and the three equitable remedies it seeks—permanent injunction, monetary damages, and attorney's fees—are issues for the Court to decide.  ECF 68 at 2.

The Court cannot enter Final Judgment under Rule 58 until it has ruled on all claims and issues in this case.  In the Order granting Plaintiff's Motion for Summary Judgment as to Defendant's liability for trademark infringement, the Court deferred ruling on the scope of injunctive relief, damages, and attorney's fees.  ECF 42 at 13. Having been presented with Plaintiff's Motion for Entry of Final Judgment and its request for equitable remedies in this non-jury case, the Court concludes that Rule 56 provides the appropriate standards for consideration of the requested relief.

2

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). If the party moving for summary judgment bears the burden of proof on an issue he must "establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). If a moving party who does not bear the burden of proof meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

A dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013).

3

When ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

In a non-jury trial, the judge is the ultimate trier of fact. In non-jury cases, the court may grant summary judgment where a trial would not enhance the court's ability to draw inferences and conclusions. *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1123-24 (5th Cir. 1978); *In re Placid Oil Co.*, 932 F.2d 394, 398 (5th Cir. 1991). The district court must be aware, however, that assessments of credibility come into sharper focus upon hearing live witnesses. *Placid Oil*, 932 F.2d at 398.

### III.    Analysis

#### A. Plaintiff is entitled to entry of a permanent injunction.

On April 25, 2024, the Court granted summary judgment in Plaintiff's favor on its trademark infringement claim. ECF 42. In its Order, the Court ruled that Plaintiff's Marks "Texas Tamale" and "Texas Tamale Company" are registered, have acquired secondary meaning, are incontestable, and are legally protectable.

4

*Id.* The Court also ruled that Defendant's use of Plaintiff's Marks is likely to cause, and has caused, customer confusion. *Id.* Thus, the Court concluded that Defendant is liable for infringement of Plaintiff's Marks. *Id.* Plaintiff now asks the Court to enter the following permanent injunction:

> An injunction permanently enjoining Defendant its agents, employees, servants, and others acting in concert with them from: (1) using the terms "TEXAS TAMALE" or "TEXAS TAMALES" in combination on any advertising platform, including keyword purchases such as Google AdWords; (2) Using "TEXAS TAMALE" or "TEXAS TAMALES" (or any confusingly similar term) in online ad copy; and (3) Using "TEXAS TAMALES" or "TEXAS TAMALE" (or any confusingly similar term) in any marketing materials.

ECF 68 at 5.

"A permanent injunction is the usual and normal remedy once trademark infringement has been found in a final judgment." *Diageo N. Am., Inc. v. Mexcor, Inc.*, 661 F. App'x 806, 813 (5th Cir. 2016). However, a court should issue an injunction that is no broader than necessary to prevent unlawful activity. *Id.* at 813-14. In deciding whether to issue a permanent injunction against Defendant, the Court considers whether: (1) Plaintiff has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) the hardships between the Plaintiff and Defendant warrant an equitable remedy; and (4) the public interest would not be disserved by a permanent

injunction. *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 627 (5th Cir. 2013) (citing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion" by the Court. *Id*. When crafting a permanent injunction, the Court exercises its discretion to redress Plaintiff's injury, balances the equities, and ensures the injunction does not disserve the public interest. *Id.* ("The district court did not abuse its discretion in crafting an injunction to balance the equities.").

### 1. Plaintiff has met the factors required for an injunction.

*Irreparable Injury that cannot be compensated by money damages*. The Court's prior summary judgment ruling, particularly the ruling that Defendant's use of Plaintiff's Marks creates a likelihood of confusion, also satisfies the requirement for permanent injunctive relief that Plaintiff suffered an irreparable injury for which money damages are inadequate compensation. *Abraham*, 708 F.3d at 627 ("All that must be proven to establish liability and the need for an injunction against infringement is the likelihood of confusion—injury is presumed." (quoting 5 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 30:2 (4th ed. 2001))). Thus, the first factor weighs in favor of granting a permanent injunction.

*The Balance of Hardships*. The balance of hardships between Defendant and Plaintiff weighs in favor of an injunction. A permanent injunction poses no undue

6

hardship on Defendant because it merely requires Defendant to comply with the law when marketing its own products and not infringe on Plaintiff's Marks. An injunction is appropriate with respect to the balance of hardships because absent an injunction, Plaintiff would lose control of its product and reputation. *See Choice Hotels Int'l, Inc. v. Patel*, 940 F. Supp. 2d 532, 543 (S.D. Tex. 2013) (noting the only hardship imposed on defendant by permanent injunction—the requirement that defendant comply with state and federal law—"pales in comparison with the irreparable harm that [the plaintiff] would face if [the defendant] once again began displaying plaintiff's trademarks] at the subject property.").

<u>*An injunction will not disserve the public interest*</u>. The public interest in avoiding product confusion will be served by an injunction. *Pengu Swim Sch., LLC v. Blue Legend, LLC*, No. 4:21-CV-1525, 2023 WL 5598996, at \*14 (S.D. Tex. Aug. 29, 2023) (holding "[t]he public interest is always served by requiring compliance with Congressional statutes such as the Lanham Act and by enjoining the use of infringing marks." (quoting *Board of Regents of the University of Houston System v. Houston College of Law, Inc.*, 214 F. Supp. 3d 573, 605 (S.D. Tex. 2016))).

After considering the relevant factors and the record evidence, the Court concludes that Plaintiff has met its burden to establish that the factors weigh in favor of entry of a permanent injunction.

### 2. Defendant's "fair use" defense does not overcome Plaintiff's entitlement to a permanent injunction.

Defendant argues that Plaintiff is not entitled to a permanent injunction because its infringement was "fair use." "Fair use" is an affirmative defense to a trademark infringement claim. Unlike the broader fair use doctrine in copyright law, the trademark fair use defense "allows a party to use a term in good faith to describe its goods or services, but [applies] only in actions involving descriptive terms and only when the term is used in its descriptive sense rather than in its trademark sense." *DHI Grp., Inc. v. Kent*, No. CV H-16-1670, 2017 WL 8794877, at \*11 (S.D. Tex. Apr. 21, 2017) (citing *Sugar Busters LLC v. Brennan*, 177 F.3d 258, 270 (5th Cir. 1999)), report and recommendation adopted, No. CV H-16-1670, 2017 WL 4837730 (S.D. Tex. Oct. 26, 2017). Here, Defendants' fair use defense argues that "TEXAS TAMALE" describes a style of tamale made in Texas that is not legally protected. Defendant's fair use defense essentially rehashes arguments the Court rejected, first when it granted Plaintiff's Motion for Summary Judgment and then again when it denied Defendant's Motion for Relief. *See* ECF 42; ECF 79. Having ruled that Defendant is liable for trademark infringement, the Court will not revisit the issue in connection with Plaintiff's request for a permanent injunction.[2]

---

[2] Whether Defendants' fair use arguments are relevant to Plaintiff's request for disgorgement of profits and attorney's fees will be determined only after a bench trial on the issue of damages.

### 3. Plaintiff is not entitled to an injunction prohibiting Defendant's purchase of keywords.

The Court did not decide in its Memorandum Opinion and Order on Plaintiff's Motion for Summary Judgment "whether Defendant's use of Plaintiff's Marks in Google AdWords by itself constitutes infringement entitling Plaintiff to a corresponding injunction and damages." ECF 79 at 11. Defendant now argues that Plaintiff is not entitled to an injunction preventing Defendant from purchasing "TEXAS TAMALE" or "TEXAS TAMALES" as keywords or Google AdWords because, as a matter of law, the purchase of keywords does not infringe Plaintiff's Marks. ECF 71.

District courts in the Fifth Circuit have held that "in and of itself—using a competitor's trademark as a Google AdWords or keyword does not constitute trademark infringement." *WorkshopX Inc. v. Build a Sign, LLC*, No. 1:18-CV-850-RP, 2019 WL 5258056, at *2 (W.D. Tex. June 26, 2019), report and recommendation adopted, No. 1:18-CV-850-RP, 2019 WL 5243187 (W.D. Tex. July 12, 2019). For infringement purposes, the focus is on the ads that a consumer sees as the result of a Google AdWords search. *See Tempur-Pedic N. Am., LLC v. Mattress Firm, Inc.*, No. CV H-17-1068, 2017 WL 2957912, at *8 (S.D. Tex. July 11, 2017) (holding that "the mere purchase of AdWords alone, without directing a

consumer to a potentially confusing web page, is not sufficient for a claim of trademark infringement," citing *Mary Kay*, 601 F. Supp. 2d at 855)).  Because the purchase of Google AdWords or keywords, in and of itself, does not constitute infringement of Plaintiff's Marks, Plaintiff is not entitled to an injunction prohibiting the purchase of Plaintiff's Marks as keywords or Google AdWords.  However, Plaintiff *is* entitled to an injunction prohibiting Defendant from using Plaintiff's Marks in any advertisement, whether online or in print, whether or not the advertisement is the result of a keyword or Google AdWords search.  *Id.*

> **4.  Plaintiff is not entitled to an injunction that includes a prohibition on Defendant's use of "any confusingly similar term."**

"All injunctions must (1) state the reasons why it issued; (2) state its terms specifically; and (3) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."  *Ledge Lounger, Inc. v. Luxury Lounger, Inc.*, No. CV H-23-727, 2024 WL 625317, at *2 (S.D. Tex. Feb. 14, 2024) (citing FED. R. CIV. P. 65(d)).  Vague or overbroad injunctions may violate Rule 65(d).  *Id.*  Injunctions that merely instruct an enjoined party not to violate a statute, so-called "obey the law" injunctions, have been denounced as overbroad by the Supreme Court.  *Ledge Lounger*, 2024 WL 625317 at *2 (citing *Int'l Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312, 1316 (Fed. Cir.

2004).

Injunctions prohibiting the use of terms or marks that are "confusingly similar" to a plaintiff's trademark can be an overbroad directive to "obey the law." *See Diageo N. Am., Inc.*, 661 F. App'x at 814. The Fifth Circuit has been "hesitant to approve" open-ended injunction language prohibiting the use of "any confusingly similar" term, because "in other contexts . . . 'obey the law' injunction orders are not permitted." *Diageo N. Am., Inc. v. Mexcor, Inc.*, 661 F. App'x 806, 814 (5th Cir. 2016) (citing *Payne v. Travenol Labs., Inc.*, 565 F.2d 895, 898 (5th Cir. 1978). Additionally, "obey the law" injunctions are (1) overbroad because they "increase the likelihood of unwarranted contempt proceedings[,]" and (2) vague because they do not "give the restrained party fair notice of what conduct will risk contempt." *Ledge Lounger, Inc. v. Luxury Lounger, Inc.*, No. CV H-23-727, 2024 WL 625317, at *2 (S.D. Tex. Feb. 14, 2024).

> Plaintiff seeks an injunction prohibiting Defendant from:
>
> Using "TEXAS TAMALE" or "TEXAS TAMALES" (or any confusingly similar term) in online ad copy; and (3) Using "TEXAS TAMALES" or "TEXAS TAMALE" (or any confusingly similar term) in any marketing materials.

The inclusion of the parentheticals "or any confusingly similar term" could be found to be vague and overbroad. The Court finds that an injunction prohibiting Defendant

from using the marks "TEXAS TAMALE" or "TEXAS TAMALES," without the addition of the phrase "or any confusingly similar term" is sufficiently specific and narrow to prevent unlawful infringement of Plaintiff's Marks. The following injunction will properly balance the equities and redress Plaintiff's injury:

> Defendant its agents, employees, servants, and others acting in concert with them, are permanently enjoined from using the terms "TEXAS TAMALE" or "TEXAS TAMALES," in any combination, on any advertising platform, in online ad copy (whether or not ads are the result of a keyword or Google AdWords purchase), or in any marketing materials in connection with the sale of tamales and other Mexican-style food products.

## B.  Plaintiff is not entitled to summary judgment on the issue of monetary damages or attorney's fees.

### 1. Monetary Damages

Disgorgement of lost profits is an available, equitable remedy for trademark infringement. 15 U.S.C. § 1117(a). An award of defendant's profits as damages for trademark infringement is not automatic. *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 369 (5th Cir. 2000). In deciding whether to award lost profits damages, courts consider (1) whether the defendant intended to confuse or deceive; (2) whether sales were diverted from Plaintiff; (3) the adequacy of other remedies; (4) any unreasonable delay by Plaintiff in asserting her rights; (5) the public interest in making infringing conduct unprofitable; and (6) whether it is a case of "palming

12

off."  *Id.*; *Liquid Manna, LLC v. GLN Glob. Light Network*, LLC, No. 5:14-CV-1123-DAE, 2016 WL 11782886, at *2 (W.D. Tex. May 31, 2016 (listing factors).

The court is not prepared on the current record to rule that Plaintiff is entitled to disgorgement of profits, and particularly not in the amount requested. "In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."  15 U.S.C. § 1117(a).  Plaintiff seeks entry of a judgment in the amount of $7,854,640.65, which Plaintiff contends is the amount of Defendant's profits from infringement.  ECF 68 at 5.  Defendant contends that over the relevant 5-year period its net profits were negative (-) $155,998.52.  ECF 71 at 6.  Both parties rely on "Exhibit L," called "Profit and Loss Lone Star Tamales Statement for January 2019 – May 2023," in support of their wildly divergent positions.  ECF 68-22.

Defendant also relies on the Declaration of its CEO, Jose Felix Silva.  ECF 71-1.  Silva explains that the business's profitability suffered due to COVID-19 shutdowns, vendor shortages, and delayed shipments. ECF 71-1 ¶ 14. Supply chain issues, shipping delays, and marketing expenses continued to cause losses through 2022.  *Id.* ¶ 15.  Later in 2022, the company had many technical issues from migrating to a new e-commerce platform that resulted in a significant dip in revenue, leading to the decision to spend even more on marketing and hiring a "search-engine

13

optimization and site-redesign firm." *Id.* ¶ 16.  To date, the company is trying to recuperate but is being held back by his lawsuit.  *Id.* ¶ 17.  Silva attests that "the percentage of "Texas Tamale" keyword ads we ran in comparison to all keyword ads during this period was only 7.89%." *Id.* ¶ 20; ECF 71-1 at 34-46 ("Exhibit B").

Plaintiff argues that Exhibit L is admissible to prove its damages under the "statement against interest" exception to hearsay rule set forth in Fed. R. Evid. 801(d)(2).  ECF 73 at 2.  Plaintiff objects to Defendant's use of same document because there is no hearsay exception that makes it admissible for Defendant. *Id.* Defendant's argument ignores Silva's declaration, which authenticates and attests to the accuracy of Exhibit L.  The Court presumes Silva will be available to testify at trial, eliminating the hearsay objection.

Further, the Court is not prepared to rule as a matter of law on Defendant's intent to confuse or deceive for purposes of the disgorgement of profits analysis.  In the Summary Judgment Order, the Court stated: "There is no question that Defendant was aware of Plaintiff's Marks and the likelihood of confusion and has been since Plaintiff's 2014 enforcement actions that led Defendant to change its company name." ECF 42 at 10.  However, the record now reflects a factual dispute as to whether Defendant is the successor in interest to Lone Star Tamales (the company name adopted in 2014 in response to Plaintiff's first round of cease-and-

desist letters).  ECF 71 at 3-4 (citing Tapp Declaration, ECF 59-2).

The Court finds that a bench trial at which live testimony can be presented is necessary to decide these issues.  Thus, the Court defers entry of final judgment awarding Plaintiff lost profits damages until after a bench trial.

### 2.  Attorney's Fees/Exceptional Case

In a Lanham Act case, attorney's fees are recoverable in an "exceptional case."  15 U.S.C. § 1117(a).  The Court has discretion to determine whether a case is "exceptional."  *Spectrum Ass'n Mgmt. of Texas, L.L.C. v. Lifetime HOA Mgmt. L.L.C.*, 5 F.4th 560, 564 (5th Cir. 2021).  The prevailing party bears the burden to prove by clear and convincing evidence that a case is exceptional.  *Id.* at 566-67.  An exceptional case is one in which the defendant infringed the plaintiff's mark "maliciously, fraudulently, deliberately, or willfully."  *Id.*  In addition, an exceptional case finding "may be warranted either where the prevailing party stood out in terms of the strength of its litigating position or where the non-prevailing party litigated the case in an 'unreasonable manner.'"  *Id.*

To date the Court has made no final rulings as to whether Defendant's infringement of Plaintiff's Marks was willful.  With respect to the "unreasonable manner" in which Defendant litigated this case, Defendant's former counsel was largely at fault.  *See* ECF 79.  As with disgorgement of lost profits, the Court is not

prepared to grant summary judgment that this is an "exceptional case" and defers ruling until after a bench trial.

## I.      Conclusion and Order

For the reasons set forth above, it is

ORDERED that Plaintiff's Motion for Permanent Injunction, Damages, and an Exceptional Case Finding (ECF 68) is GRANTED IN PART and DENIED IN PART.  It is further

ORDERED that the Court will enter a permanent injunction as set forth above. It is further

ORDERED that the Court will hold a telephone scheduling and status conference on July 9, 2024 at 2:00 p.m. to discuss whether further mediation at this stage of the proceedings is appropriate and to set a date for a bench trial on Plaintiff's remaining claims for monetary damages and an exceptional case finding.

Signed on June 04, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

16